UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARREA CHRISTOPHER,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, *et al.*,<br><br>Defendants. | Case No. C17-738RSL<br><br>ORDER GRANTING<br>MOTION TO DISMISS |

This matter comes before the Court on defendants' motion to dismiss, Dkt. # 13, defendants' motion for a stay of discovery, Dkt. # 12, and plaintiff's motions for extensions of time, Dkt. ## 16, 20, 23. The Court has considered the parties' memoranda, exhibits, and declarations. For the reasons explained below, defendants' motion to dismiss is GRANTED, and the remaining motions are DENIED.

Plaintiff filed this complaint against Ford Motor Company and several individuals apparently based on alleged flaws in a 2006 Ford Ranger that caused plaintiff injury.

The Court will dismiss the complaint without prejudice, because plaintiff has not sufficiently alleged facts to make a minimal showing that the Court has personal jurisdiction over defendants. When a defendant moves to be dismissed under Federal Rule of Civil Procedure 12(b)(2), the plaintiff must make a *prima facie* showing of personal jurisdiction to survive the motion. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003). The plaintiff must provide evidence that, if true, would support the Court's exercise of jurisdiction over the defendant. Id. Absent consent, the Court may only

ORDER GRANTING MOTION TO DISMISS - 1

exercise jurisdiction over a non-resident defendant if the Court has either general or specific jurisdiction. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). General jurisdiction proceeds from a defendant having contacts with a forum so pervasive that the defendant is essentially at home there. Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014). Specific jurisdiction depends upon an initial showing that the defendant committed an act or transaction by which the defendant "purposefully avail[ed] himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). Here, plaintiff has not made a minimal showing that the Court has specific or general jurisdiction over any of the defendants. Ford Motor Company is a national car manufacturer, which could potentially be shown to be subject to either form of jurisdiction, but plaintiff's complaint lacks minimal factual allegations to show either. In addition, plaintiff makes little mention of the individual defendants other than in the complaint's caption. Without more, the Court is not satisfied plaintiff has sufficiently alleged personal jurisdiction over any of the defendants. The Court will dismiss plaintiff's complaint without prejudice and grant plaintiff leave to amend in order to address the complaint's deficiencies.

The Court also adds that in order to show that he is entitled to relief, plaintiff must allege facts which, taken as a whole, state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Even reading the complaint generously given plaintiff's *pro se* status, the Court finds it difficult to ascertain whether plaintiff is entitled to relief—or even the nature of his claims—based on the complaint in its current form.

Finally, because the Court dismisses this action based on the jurisdictional reasons explained above, the Court makes no conclusion of the sufficiency of plaintiff's service of process on defendants. Plaintiff appears to have mailed copies of the complaint by certified mail to Ford's Customer Relationship Center. Compare Dkt. # 28-1 at 27, with Contact Us, Ford.com, https://corporate.ford.com/contact-us.html (last visited Dec. 12, 2017). The Court is

ORDER GRANTING MOTION TO DISMISS - 2

not aware if the Customer Relationship Center employee who received the complaint qualifies as an agent authorized to receive service for Ford, see Kwan v. Schlein, 441 F. Supp. 2d 491, 496 (S.D.N.Y. 2006) (holding director of customer services did not qualify as authorized agent), but large corporations often contract with registered agents to accept service of process in various locations, see, e.g., Jacob Beaty, et al. v. Ford Motor Company, Case No. 3:17-cv-5201-RBL, Dkt. # 17 (Mar. 30, 2017) (providing proof of service on Ford Motor Company by serving registered agent CT Corporation System).

For all the foregoing reasons, defendants' motion, Dkt. # 13, is GRANTED and the complaint is hereby DISMISSED without prejudice. The Court grants plaintiff leave to amend, if plaintiff determines that he can, consistent with his obligations under Federal Rule of Civil Procedure 11, amend his complaint to address the aforementioned deficiencies. Plaintiff shall have 45 days from the date of this order to file an amended complaint.

Given the Court's determination on defendants' motion to dismiss, plaintiff's pending motions for extensions of time, Dkt. ## 16, 20, 23, and defendants' motion for a discovery stay, Dkt. # 12, are DENIED as moot.

DATED this 12th day of December, 2017.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 3