Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

CARREA CHRISTOPHER,    )      NO. 2:17-CV-738-RSL
                       )
            Plaintiff,  )      PLAINTIFF'S MOTION TO
                       )      COMPEL DISCOVERY
                       )      RESPONSES
                       )
v.                     )
FORD MOTOR COMPANY,)
                       )
            Defendants.  )
_____)

Plaintiff, Carrea Christopher, Motion to Compel Discovery Responses as follow:

Plaintiff, Carrea Christopjher, seeks an order compelling defendant, Ford Motor Company to provide complete discovery request. The defendants Ford motor Company responses were

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES       CARREA CHRISTOPHER
NO. 2:17-CV-738-RSL                                     P.O. BOX 741272
                                                       SAN DIEGO, CALIFORNIA 92174
                                                       TELEPHONE (619)822-7392

Due over four months ago, and Plaintiff, Carrea Christopher, has identified the deficiencies over four months .To date, Ford Motor Company has Provided only a small fraction of the required documents and information responsive to Carrea's request, and despite repeated assurances that a response was forthcoming, Ford has failed to respond Carrea's request to correct the deficiencies or to respond in any meaningful way to the majority of Carrea's requests. Carrea is prejudiced by Ford's failure to cooperate in discovery because Ford has exclusive control of all of the information on which Carrea's claims depend.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b) provides that" [p]arties may obtain discovery regarding matter that is relevant to any partys claim or defense....relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The ninth circuit is not the only circuit that believes the standard for relevance is broad at the discovery stage. *U.S. ex rel Pogue v. Diabetes Treatment Ctrs. Of Am., 235* F.R.D. *521, 525 (D.D.C. 2006).* A party may move to compel discovery provided that he or she "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed.R. Civ. P. 37(a)(1). This court considers the prior efforts of the parties to resolve the

**PAGE TWO**

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

dispute, the relevance of the information sought, and the limits imposed BY Rule 26(b)(2)(c)."*Barnes v. D.C.,289 F.R.D. 1* (citing *Oppenheimer fund v. Sanders,* 437 U.S. 340, 350-52 (1978) Rule 26(b)(2) excempts information from discovery where the court determines that: "(i) the
sought is unreasonably cumulative or duplicative, or can obtained from some other source that is more convenient, less burdensome, or less exspensive: (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action: or (iii) the burden or exspense of the proposed discovery outweighs its likely benefit...."

The defendants are outside of all exemption criteria.


# ARGUMENT


The Court should (1) compel Ford Motor Company, to provide complete responses to Carrea's document request and interrogatories: (2) declare that Ford Motor Company, objections on all grounds other than privileged have been waived by its failure to respond timely to Carrea's discovery request; (3) find that Ford Motor Company, vague assertions of privilege or their concerns cannot overcome Carrea's right to obtain information directly relevant to his claims; (4) order Ford Motor Company to comply with the requirements of Rules 33, which requires responses, and (5) order Ford Motor Company to pay Carrea's his

# PAGE THREE

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

Reasonable exspenses in connection with this motion pursuant to Rule 37.

**I.     The Court should Order Ford Motor Company to provide full responses to Carrea's discovery Request within 14 Days because no Good Cause Exist for Ford Motor Company, delay and Ford Motor Company Objection have been waived.**

Carrea's discovery requests seek information that is Directly relevant to Carrea's claims, is in Ford Motor Company exclusive possession, and is unavailable to Carrea through discovery of any other source. Ford's responses to date are incomplete, and Ford has no valid excuse for its failure to cooperate in discovery. Carrea has made detailed request on many occasions over approximately four months period. Carrea's efforts to date have failed to elicit a response to the deficiency correction request, and Ford's discovery responses remain inadequate. Thus, Carrea has done all he can to resolve or narrow the discovery issues, and Court action is necessary to compel Ford's cooperation in discovery.

Moreover, because Ford's discovery responses were untimely, its objection to the requests and interrogatories are waived. *See Caudle, 263 F.R.D. at 33.* Ford never sought an extension of its deadline to respond and never provided an explanation to Carrea why its discovery responses were late. To

**PAGE FOUR**

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

date, Ford has not attempted to justify its delay in responding, much less provided good cause for delay.

Accordingly, the Court should order that Ford's general and specific objections to Carrea's discovery requests, to the extent that those objections do not assert privilege, are waived and order Ford to provide complete responses within 14 days. **The Plaintiff, Carrea has agreed to pay for the cost of duplicating cd"s of responses and answers.**

**II.    The following simple request and responses had failures and disappointments in the following manner.**

**INTERROGATORY NO.2:**
**Please state your argument for and/or against the Federal Government Recall**
**(NHSTA [sic]) National Highway Safety Transportation Agency, Recall of the 2006 Ford**
**Ranger Defaults.**
**ANSWER: Ford does not have an argument for or against" recalls. Ford refers Plaintiff to**
**its response to NHTSA General Order PE14-016, and the documents Ford provided to NHTSA**

**PAGE FIVE**

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES        CARREA CHRISTOPHER
NO. 2:17-CV-738-RSL                                                              P.O. BOX 741272
                                                                                            SAN DIEGO, CALIFORNIA 92174
                                                                                            TELEPHONE (619)822-7392

in connection with its response, which Ford will produce. Beyond this, Ford objects to the word "recall" because it is vague, undefined and
subject to multiple interpretations. Ford objects to providing information concerning recalls
that are not applicable to the driver's front airbag in the subject vehicle. In addition, Ford
objects to this Interrogatory because it is overly broad and seeks irrelevant information,
particularly as it is not limited to the component at issue in this case, or to a reasonable or
relevant time frame. Ford also objects to this Interrogatory seeking "Ford's argument for
and/or against" NHTSA recalls because it is vague and confusing and seeks irrelevant
information that has no bearing on the adequacy of the design and performance of the front
airbag supplemental restraint system in 2004-2006 Ford Ranger and Mazda B-Series pickup
trucks, or to any party's claims or defenses in this case. Ford's position either in support of or
against any recall, if any, is irrelevant to any liability or damages issues in this case. Ford
further objects to this Interrogatory because it seeks work undertaken in anticipation of
litigation or for trial or at the direction of counsel, or other information protected by the

## PAGE SIX

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

**attorney-client privilege and/or the work product doctrine, particularly as Ford's investigation**
**of the incident is ongoing and such information would reveal the legal strategies or mental**
**impressions of Ford's outside counsel or Ford's Office of the General Counsel.**

PLAINTIFF REASONS TO COMPEL OF INTERROGATORY NO 2:   Plaintiff requested only the reasons Ford fought against the imposition of NHSTA inquiry and examination of the 2006 Ford Ranger. The answer is in there custody and knowledge but they refused to answer, instead giving a song and dance around the interrogatory.

**INTERROGATORY NO.3:**
**Are you responsible for making, creation, manufacturing and the assembly of Ford**
**2004-2007 Ranger.**
**ANSWER: Ford is responsible for supplier sourcing and overall vehicle integration. Ford**
**designed and manufactured, in part, and finally assembled, 2004-2006 Ford Ranger pickup**
**trucks, with certain components and systems provided to Ford by its suppliers.**
**V/ith regard to the subject vehicle, Ford completed final assembly of the subject 2006**

**PAGE SEVEN**

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

**Ford Ranger on or about January 4,2006, at Ford's Twin Cities Plant in St. Paul, Minnesota.**
**Ford shipped the subject vehicle to Ford of Kirkland in Kirkland, V/ashington, on January 4,**
**2006. Ford refers Plaintiff to the Mini 999 and the Vehicle Information report for the subject**
**2006 Ford Ranger, VIN 1FTYR14U36P458597, that Ford offered to produce in connection**
**with its Initial Disclosures.**

PLAINTIFF REASONS TO COMPEL OF INTERROGATORY NO 3 :   Plaintiff requested only the did you make the , 2006 Ford Ranger. The answer in part should be addressed. Did you or didn't you. Is it your product.  The answer is in there custody and knowledge but they refused to answer, instead giving a song and dance around the interrogatory.

**INTERROGATORY NO. 5:**
**Please identify the individuals that argued in behalf of Ford to (NHSTA), and their**
**addresses, phone numbers and emails.**
**ANSWER: Ford refers Plaintiff to the people identified in its response to General Order PE14-**
**016, which Ford offered to produce in its Answer to Interrogatory No. 2.**

# PAGE EIGHT

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

PLAINTIFF REASONS TO COMPEL OF INTERROGATORY
NO 5: The defendants, Ford did not produce the individuals
names,addresses and numbers, which delays discovery.

**INTERROGATORY NO. 6:**
**Have you shown remorse for the injuries and death of those**
**due to the airbag explosion**
**of the Ford Ranger, and if so give some examples.**
**ANSWER: Ford objects to this Interrogatory because it is**
**argumentative and misleading,**
**particularly as it implies that Ford vehicles are defective or**
**dangerous, which Ford denies.**
**Ford further objects to this Interrogatory because it seeks**
**irrelevant and subjective information**
**that has no bearing on the design and performance of the**
**front airbag supplemental restraint**
**system in2004-2006 Ford Ranger and Mazda B-Series**
**pickup trucks and is intended merely**
**to harass Ford.**

PLAINTIFF REASONS TO COMPEL OF INTERROGATORY
NO 6: Fords, vehicles, have murdered individuals and wounded
Carrea. Have they shown remorse should be simple, yes or no to
answer for rational parties.

## PAGE NINE

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

**INTERROGATORY NO. 7:**

How much did Ford spend yearly in advertisement of their products from2014-2017.

**ANSWER: Ford objects to this Interrogatory because it is overly broad, unduly burdensome,** and seeks irrelevant information that has no bearing on the design and performance of the front airbag supplemental restraint system in2004-2006 Ford Ranger and Mazda B-Series pickup trucks. Ford conducts or purchases three tiers of advertising: Tier 1, Tier 2 and Tier 3. Tier I advertising relates to national advertising. Ford designs and directs the substance of advertising for Ford vehicles in nationally based television, print and online media. Ford contracts with a national advertising agency who participates in Ford advertising. In addition, Ford may, at times, contract with a separate agency for a specific project, such as development and printing of brochures on a particular product. Tier 2 advertising relates to regional marketing through the use of regional dealer advertising groups known as Ford Dealer Advertising Funds ("FDAFs"). Regional advertising is directed by approximately thirty-seven different FDAFs. FDAFs are run by boards composed of representatives from independently

**PAGE TEN**

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

owned and operated Ford dealerships. While Ford may provide some creative content for their

use, FDAFs decide which advertisements to run in their particular regions. Tier 3 advertising

relates to dealership advertising. Dealerships may create their own advertisements. Ford will

or may reimburse dealerships for a certain amount of Tier 3 advertising through a Dealership

Co-Op Program. Therefore, it would be extremely burdensome for Ford to attempt to

differentiate and quantify these costs with any level of accuracy.

Ford also objects to this Interrogatory because it is not limited to the front airbag

supplemental restraint system or the subject vehicle at issue in this case, or its related progr¿rm,

or to a reasonable or relevant time frame. In addition, Plaintiff has not identified how or why

the amount of money Ford spent advertising all of its products, over a four-year period nearly

ten years after the subject vehicle was designed, developed and produced, could be of probative

value or how it is even remotely related to the claims or defenses in this case. Ford further

objects to this Interrogatory because it seeks information that may not be kept in Ford's

## PAGE ELEVEN

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

**ordinary course of business and/or is not in Ford's possession, custody, or control.**

PLAINTIFF REASONS TO COMPEL OF INTERROGATORY NO 7:Carrea, did not ask for how much local dealers advertised. Ford Motor Company had an obligation to notify drivers of the danger. How much did they spend doing that as opposed to how much they spent advertising the sale of vehicles is prima facie evidence. Very relevant. The fact you have the three tiers in your possession as acknowledged in your custody, the production should'nt be difficult or problematic.

**INTERROGATORY NO. 8:**
**How much did you spend notifying the general public of the recall and the dangers**
**(sic) of driving the Ford Ranger in the years of 2014-2017.**
**ANSWER: Ford refers Plaintiff to the VIN Field Service Action ("FSA") Details report in**
**the Vehicle Information Report for the subject 2006 Ford Ranger, VIN**
**IFTYR14U36PA58597,thatFord offered to produce in connection with its Initial Disclosures.**
**The VIN FSA Details report will show the recall history for the subject vehicle, including**
**details of the mailings provided by Ford to the registered**
**PAGE TWELVE**

owner(s) of the subject vehicle.

Beyond this, Ford objects to the phrase oothe recall"

because it is vague, undefined and

subject to multiple interpretations. Ford objects to providing information concerning recalls

that are not applicable to the driver's front airbag in the subject vehicle. In addition, Ford

objects to this Interrogatory as written because it is overly broad and seeks irrelevant

information, particularly as it is not limited to the component at issue in this case, or to a

reasonable or relevant time frame. Ford also objects to this Interrogatory seeking how much

Ford spent notifying the public of the recall because it seeks irrelevant information that has no

Bearing on the adequacy of the design and performance of the front airbag supplemental

Restraint system in2004-2006 Ford Ranger and Mazda B-Series pickup trucks.

PLAINTIFF REASONS TO COMPEL OF INTERROGATORY NO 8:     It is in the custody,tenure and possession of Ford, whether they notified the general public or not and to what extent and magnitude. Again, Ford does a song and dance around the simple Interrogatory.

# PAGE THIRTEEN

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

**INTERROGATORY NO.9:**
Is it necessary, essential and obligatory to warn, caution and notify the general public
of the dangers of the airbag and what mesures (sic) if any did you make to forewarn the general
public.
ANSWER: With regard to safety-related defects, Ford complies with United States law,
including Title 49 of the United States Code, Chapter 301, and supporting federal regulations,
in handling and reporting safety-related defects. With respect to Ford's procedures related to
notification of owners of vehicles subject to recalls, Ford complies with all applicable laws and
regulations, including those outlined in 49 CFR $ 573 et seq. and 49 CFR ç 577 et seq. These
re gulations are publicly available, including at https : i/www. gpo. gov.
Beyond this, Ford objects to the phrase "necessary, essential and obligatory to warn,
caution and notify the general public of the dangers of the airbag" because it is vague,
undefined and subject to multiple interpretations. This phrase is also argumentative and
misleading, particularly as it implies that Ford vehicles are defective or dangerous, which Ford
denies. In addition, Ford objects to this Interrogatory

<b>PAGE FOURTEEN</b>

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES                CARREA CHRISTOPHER
NO. 2:17-CV-738-RSL                                             P.O. BOX 741272
                                                               SAN DIEGO, CALIFORNIA 92174
                                                               TELEPHONE (619)822-7392

because it is overly broad and seeks
irrelevant information, particularly as it is not limited to the front airbag supplemental restraint
system or the subject vehicle at issue in this case, or its related program, or to a reasonable or
relevant time frame. Ford also objects to this Interrogatory because it seeks irrelevant
information that has no bearing on the adequacy of the design and performance of the front
airbag supplemental restraint system in2004-2006 Ford Ranger and Mazda B-series pickup
trucks. Ford further objects to this Interrogatory because it seeks work undertaken in
anticipation of litigation or for trial or at the direction of counsel, or other information protected
By the attorney-client privilege and/or the work product doctrine, particularly as Ford's
Investigation of the incident is ongoing and such information would reveal the legal strategies
Or mental impressions of Ford's outside counsel or Ford's Office of the General Counsel.

PLAINTIFF REASONS TO COMPEL OF INTERROGATORY NO 9: The Interrogatory is simple. Do you or do you not feel it is essential, and needed, to notify the general public of dangers. Do you have to be ordered to?

## PAGE FIFTEEN

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

**INTERROGATORY NO. 12 (sic):**

**Should a manufacture (sic) be responsible for his product and why.**

**ANSWER: Ford objects to this Interrogatory because it seeks information that is not relevant to any party's claim or defense and is not proportional to the needs of the case. Ford's position on whether a manufacturer should . . . be responsible for [its] product" has no relevance to the claims or defenses in this case. Liability issues in this case will be determined by applicable law, not Ford's position on the proper bounds of a manufacturer's liability.**

**without waiving any objections, Ford denies that it is liable to Plaintiff in this case.**

PLAINTIFF REASONS TO COMPEL OF INTERROGATORY NO 12:The Interrogatory is very relevant. If Ford does not feel responsible for what they produce goes to culpability and the need to be or not to be responsible.

**INTERROGATORY NO. 13:**

**To the extent not answered in response to the previous interrogatory, please give all defenses that relate to your defense of the plaintiff allegations.**

**PAGE SIXTEEN**

**ANSWER: Ford refers Plaintiff to the defenses listed in Ford's Answer to Plaintiffs Second Amended Complaint, which was filed with the Court on September 13, 2018 (Dkt. #66, at 12-15). Ford reserves the right to add defenses that it deems necessary to its defense or upon the conclusion of investigation and discovery.**

PLAINTIFF REASONS TO COMPEL OF INTERROGATORY NO 13: What is Ford's argument is relevant.

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTTON NO. 1:**
**Please produce all documents that you referred to or were identified in your answer to the above interrogatories.**
**RESPONSE: Ford states that to the extent Ford referenced a specific document in its Answers to Plaintiffls Interrogatories above, Ford will agree to produce such document, if it hasn't already been produced to Plaintiff in this matter, and, if necessary, once an appropriate protective order is entered with the Court.**

**PAGE SEVENTEEN**

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

PLAINTIFF REASONS TO COMPEL PRODUCTION NO 1:
Carrea has submitted protective orders and assurances the
production will not be used for anything outside of this case. Yet
Ford has not produced the documents yet.

**REQUEST FOR PRODUCTTON NO. 2:**
**Please produce all documents of Fords position for and**
**against the air bag recall.**

**RESPONSE: Ford refers Plaintiff to its Answer and**
**objections to Interrogatory No. 2,herein,**
**and the documents Ford offered to produce therein.**
**Ford further objects to this Request because it is vague and**
**confusing and seeks**
**information that is not relevant to any party's claims or**
**defenses in this case. Ford's "position"**
**either in support of or against any recall, if any, is irrelevant**
**to any liability or damages issues**
**in this case.**

PLAINTIFF REASONS TO COMPEL PRODUCTION NO 2:
The Request is very relevant and supports Carrea's claims.

## PAGE EIGHTEEN

**REQUEST FOR PRODUCTTON NO. 3:**
**Please produce a list of all individuals that died and/or was hurt from the Ford ranger**
**airbag that you have.**

**RESPONSE: Lawsuits and claims filed or asserted against Ford often fail to clearly state the**
**basis for a claim, to specify the nature of the accident, or to clearly identify the alleged product**
**defect. Furthermore, facts and circumstances surrounding other incidents are substantially**
**dissimilar to those involved in the subject lawsuit.**
**Notwithstanding, Ford will produce:**
**A list of lawsuits received by Ford's Office of the General Counsel as of October 31,**
**2018, that could reasonably be identified as containing allegations of injury or death**
**related to the front airbag supplemental restraint system in 2004-2006 Ford Ranger and**
**Mazda B-Series pickup trucks. Ford's list will contain, if available, the file name,**
**incident date, file status (i.e., pending or closed), Plaintiff(s)' attorney's name, and**
**model/model year of vehicle; and**
**A list of non-litigated claims received by Ford's Office of the General Counsel as of**

## PAGE NINETEEN

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

October 31,2018, that could reasonably be identified as containing allegations of injury
or death related to the front airbag supplemental restraint system in 2004-2006 Ford
Ranger andMazdaB-Series pickup trucks. Ford's list will contain, if available, the file
name, incident date, file status (i.e., pending or closed), Claimant(s)' attorney's name,
and model/model year of vehicle.
The foregoing lawsuits and claims may include information relating to issues other than
those that Plaintiff contends have manifested themselves in the subject vehicle, but because
concerns such as those asserted by Plaintiff cannot always be readily segregated from other
related concerns, the documents provided by Ford will, to some degree, unavoidably be over-
inclusive or duplicative.
To the extent Plaintiff seeks information relating to defect investigations or consumer
complaints (Vehicle Owner Questionnaires) initiated or received by the Office of Defect
Investigations (ODI) of the National Highway Traffic Safety Administration ("NHTSA"),
regarding 2004-2006 Ford Ranger and Mazda B-Series pickup trucks, these materials are in

**PAGE TWENTY**

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

the public domain, and equally available to Plaintiff as to Ford at www-odi.nhtsa.dot.gov. The
search engine allows searches of safety-related recalls, investigations and complaints about
motor vehicles and motor vehicle equipment by make, model and year. Because this data
originates from the NHTSA, Ford cannot confirm its accuracy or completeness, but
nevertheless hereby identifies its existence in the interests of full disclosure. Ford also refers
Plaintiff to the "Problems and Issues" link on the NHTSA website, www.nhtsa.dot.gov.
Documents associated with consumer complaints may be ordered from NHTSA Technical
Information Services. By providing any of the information above, Ford does not stipulate or
otherwise concede that these incidents are similar, relevant, or admissible.
Beyond this, Ford objects to this Request because it is overly broad, unduly
burdensome, and seeks irrelevant information. First, this Request is not limited to a reasonable
or relevant time frame. Second, lawsuits and claims asserted against Ford often fail to clearly
state the basis for a claim, to specify the nature of the accident, or to clearly identiff the alleged

## PAGE TWENTY ONE

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

product defect. Also, the facts and circumstances
surrounding other accidents, alleged injuries,
incidents or complaints vary depending on loading weight
and position, number of passengers,
magnitude and direction of impact, occupant size, position of
occupant, speed of the vehicle,
actions of the driver, road conditions, vehicle condition and
environmental factors. Therefore,
this information is irrelevant to what allegedly occurred in
the subject accident. Third, there
has been no showing of substantial similarity between the
subject accident and other incidents
that gave rise to a lawsuit or claim.
Finally, Ford objects to this Request because it could be
interpreted to seek work
undertaken in anticipation of litigation or for trial or at the
direction of counsel, or other
information protected by the attorney-client privilege and/or
the work product doctrine,
particularly as Ford's investigation of the incident is ongoing
and such information would
reveal the legal strategies or mental impressions of Ford's
outside counsel or Ford's Office of
the General Counsel.

# PAGE TWENTY TWO

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

PLAINTIFF REASONS TO COMPEL PRODUCTION NO 3:
Ford has had over 5,000 cases in recent history they however
submitted less then 100

**REQUEST FOR PRODUCTTON NO. 4:**
**Please produce authorization for release of all documents**
**from all agencies (sic) and**
**Ford for records of investigation, research and data of the**
**subject vehicle of this case. (2006**
**(sic).**

**RESPONSE: Ford searched for but did not locate a claim**
**file relative to the alleged incident.**
**However, Ford will make available for inspection and**
**copying at a mutually agreeable time**
**any non-privileged business records related to this lawsuit or**
**the alleged incident that it**
**receives pursuant to Plaintiff's authorization in this case.**
**Beyond this, Ford objects to this Request because it is vague,**
**undefined, subject to**
**multiple interpretations and does not make sense as written.**
**Ford also objects to this Request**
**because it is overly broad and seeks information and**
**documents that may not be kept in Ford's**
**ordinary course of business and or are outside of Ford's**
**possession, custody, or control,**

### PAGE TWENTY THREE

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

including documents and information over which Plaintiff has an equal or superior right of control.

PLAINTIFF REASONS TO COMPEL PRODUCTION NO 4: Ford has not allowed Carrea to come in the office to review the documents. Ford's counsel has promised to send cd and bill Carrea but has not as of todays date.


**REQUEST FOR PRODUCTION NO. 5:**
**To the extent not produced in response to the previous request, please product (sic) all documents that relate to your defense of the plaintiff allegations.**

**RESPONSE: Ford refers Plaintiff to the materials produced in the previously exchanged Initial Disclosure and in response to these discovery requests. Investigation and discovery are ongoing, and Ford reserves the right to supplement this response. objects to providing information concerning other recalls that are not applicable to the driver's front airbag in the subject vehicle.**


## PAGE TWENTY FOUR

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES   CARREA CHRISTOPHER
NO. 2:17-CV-738-RSL                                  P.O. BOX 741272
                                                     SAN DIEGO, CALIFORNIA 92174
                                                     TELEPHONE (619)822-7392

PLAINTIFF REASONS TO COMPEL PRODUCTION NO 5:
Ford continues to do a song and dance around request. Carrea
has not requested info about other vehicles in Request 5. Ford
excuses are unacceptable and intolerable.

III.    **Carrea is entitled to his reasonable Exspenses,**
      **including this Motion.**

     Rule 37 (a)(5)(a) provides that upon granting a motion
Compel discovery, the court "must … require the party …whose
conduct necessitated the motion …to pay movant's reasonable
exspenses incurred in making the motion, including attorney's
fees. Carrea request that he be allowed to submit documentation
of the cost due to this motion should this court grant his motion
to compel.

**PAGE TWENTY FIVE**

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES    CARREA CHRISTOPHER
NO. 2:17-CV-738-RSL    P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

# CONCLUSION

For the foregoing reasons, this Court should grant plaintiff's motion to compel discovery.

**Dated: may 1, 2019**

**Respectfully Submitted,**



**By:** _____

**Carrea Christopher**

# PAGE TWENTY SIX

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws, that on the 1 day of May, 2019, I caysaed to be served in the manner of cm/ecf a copy of the within and foregoing document upon the following persons:

Law offices of Mills, Meyers, Swartling, P.S.
1000 second avenue, 30th floor
Seattle, Washington   98104-1064
Telephone (206) 382-1000


Carrea Christopher

# PAGE TWENTY SEVEN

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
NO. 2:17-CV-738-RSL

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392