Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| CARREA CHRISTOPHER,<br><br>               PLAINTIFF,<br><br><br><br><br><br>FORD MOTOR COMPANY,<br><br><br>Defendant(s). | Case No.: 2:17-CV-738RSL<br><br>**PLAINTIFF'S NOTICE OF F.R.C.P. 30(B)(6) CORPORATE DEPOSITION(S) OF DEFENDANT FORD MOTOR COMPANY**<br><br>DATE: **JULY 4, 2019-AUGUST 1, 2019**<br>TIME: **1:00 PM** |

**PLEASE TAKE NOTICE** that under Fedreral Rule of Civil Procedure 30(b)(6). **Plaintiff, Carrea Christopher,** notices the deposition of **Ford Motor Company, Corporation** as an organization on the topics detailed below. Plaintiff provides notice to Ford Motor Company and all parties to this action that the deposition may be used at the time of trial. Ford Motor Company shall identify the persons who will speak on its behalf on each topic below at least seven days before, fourteen days would be much better before the deposition. The taking of this deposition may

- 1 -

PLAINTIFF'S NOTICE OF F.R.C.P. RULE 30(B)(6)            CARREA CHRISTOPHER
CORPORATE DEPOSITION(S) OF DEFENDANT            P.O. BOX 741272
FORD MOTOR COMPANY                                             SAN DIEGO, CALIFORNIA 92174
(CASE NO.:2:17-CV-738-RSL)                                      TELEPHONE (619)822-7392

1  be adjorned from day to day until completed, and may occur over several days if more than one
2  person is necessary to provide the information requested.
3  **DATE OF DEPOSITION:** To accommodate the schedule of the defendants any day during the
4  month of July.
5  **LOCATION OF DEPOSITION: It can be held at the Defendants attornies office.**
6  **COURT REPORTERS:** To be ascertained upon the date chosen.

8       When you are asked to "identify" a particular employee or person, you are to provide that
9  person's full name, current or last job titile, and current physical work address if still employed by
10 you; if the person is not still employed by you, provide the last known address, phone numbers, e-
11 mail addresses or other available contact information.

13      You are advised that you must designate one or more officers, directors, managing agents, or
14 other persons who will testify on your behalf regarding the matters listed in schedule A which are
15 known or reasonably available to Ford Motor Company.

17 **SCHEDULE A**
18  1. THE INSURANCE POLICIES AND COVERAGE (WHETHER SELF-INSURANCE,
19     EXCESS INSURANCE, PRIMARY INSURANCE, AND SECONDARY INSURANCE
20     AVAILABLE TO SATISFY ALL OR PART OF ANY CLAIMS BROUGHT AGAINST
21     FORD MOTOR COMPANY FORD THE FORD RANGER, YEAR 2005-2007.
22  2. THE EXTENT OF FORD MOTOR COMPANY NOTICES TO THE GENERAL PUBLIC
23     AND HOW AND WHY.THE CURRENT NET WORTH OF FORD.
24  3. FORD MOTOR COMPANY KNOWLEDGE OF THE DANGERS, SAFETY, HAZARDS,
25     RISK, PERIL AND JEOPARDY OF THE FORD RANGER. WHEN DID FORD KNOW

- 2 -

28 | PLAINTIFF'S NOTICE OF F.R.C.P. RULE 30(B)(6)   CARREA CHRISTOPHER
CORPORATE DEPOSITION(S) OF DEFENDANT           P.O. BOX 741272
FORD MOTOR COMPANY                             SAN DIEGO, CALIFORNIA 92174
(CASE NO.:2:17-CV-738-RSL)                     TELEPHONE (619)822-7392

1  OF THE DANGERS AND WHEN DID THEY TEST THE FORD RANGERS AND
2  FORDS KNOWLEDGE OF THE AIRBAGS THEY PLACED IN THE FORD RANGERS.
3  4. BOTH THE PAST AND PRESENT ADVERTISEMENT OF THE FORD RANGERS
4  AND THE NON-ADVERTISEMENT OF THE DANGERS OF THE FORD RANGER.

7  **DATED: JUNE 4, 2019**

10              **RESPECTFULLY SUBMITTED,**

13  BY: _____

14       **CARREA CHRISTOPHER**

- 3 -

28 | PLAINTIFF'S NOTICE OF F.R.C.P. RULE 30(B)(6)    CARREA CHRISTOPHER
    CORPORATE DEPOSITION(S) OF DEFENDANT            P.O. BOX 741272
    FORD MOTOR COMPANY                              SAN DIEGO, CALIFORNIA 92174
    (CASE NO.:2:17-CV-738-RSL)                      TELEPHONE (619)822-7392

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES UNDER THE PENALTY OF PERJURY UNDER THE LAW THAT ON THIS DATE I CAUSED TO BE SERVED VIA FIRST CLASS MAIL, POSTAGE PREPAID AND VIA E-MAIL , A COPY OF THE WITHIN DOCUMENT UPON THE;

MILLS, MEYERS, SWARTLING PS
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064

DATED: JUNE 4, 2019

BY: _____
　　　　CARREA CHRISTOPHER

PLAINTIFF'S NOTICE OF F.R.C.P. RULE 30(B)(6) CORPORATE DEPOSITION(S) OF DEFENDANT FORD MOTOR COMPANY
(CASE NO.:2:17-CV-738-RSL)

CARREA CHRISTOPHER
P.O. BOX 741272
SAN DIEGO, CALIFORNIA 92174
TELEPHONE (619)822-7392

# How a Rule 30(b)(6) Deposition Works

The Federal Rules and the Maryland Rules allow parties obtain discovery for trial with a **variety of mechanisms**. At the top of the food chain of these possible discovery tools is depositions.

Mitt Romney's famous quote in 2012 notwithstanding, corporations are not people. So when you depose company employees, you often get what the creators of Rule 30(b)(6) called "bandying." This is when the company's employees all deny individual knowledge facts that are certainly known to the company. But you just do not have the right person. (Heads up: you can still face this problem in some cases where the "company" is an Enron-like maze of related corporations. In this case, you need to get deposition notices for every possible entity.)

Rule 30(b)(6) was devised 45 years ago to solve this problem. The Rule allows a part to name the corporation as deponent and identify the topics of inquiry for the testimony. So the deposing party must give a notice of deposition, like the one above, that sets forth the subject matter of the deposition with "reasonable particularity."

A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. The testimony of a Rule 30(b)(6) designee goes to the knowledge of the corporate entity, not of the individual representative of the organization. Rule 30(b)(6) designees present the organization's position on the noticed topics, and provides the entities interpretation of events and documents. The key for plaintiffs' lawyers is that 30(b)(6) witness binds the entity and he is responsible for providing all the relevant information known or reasonably available to the entity. That is a powerful weapon against the "I don't know" brigade.

The corporation could hire Leonardo DiCaprio to answer the questions. There are no restrictions on who it can designate. But, more typically, they will choose one or more employees to testify to speak to these topics. The answer given to these questions can bind the corporation at trial.

Some Key 30(b)(6) Cases

**Murphy v. Kmart**, 255 F.R.D. 497, 506 (D. S.D. 2009). The court honed in on the reasonable particularity" we talked about above, noting the importance of discreet topics because companies can "face sanctions for failing to adequately produce and prepare its deponents.'

**Sanyo Laser Products v Arista Records**., 214 F.R.D. 496 (S.D. 2003). The court stated that the rule is "designed to prevent 'bandying,' the practice of presenting employees for their deposition who disclaim knowledge of facts known by other individuals within the entity.

**Black Horse Lane v. Dow Chem**., 228 F.3d 275, 304 (3d Cir. 2000). This case provides this epic line: "In reality, if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it."

**Webb v. District of Columbia**, 189 F.R.D. 180 (D.D.C. 1999). The court reinstated a default judgment in a racial discrimination case for a host of infractions, including the failure to produce Rule 30(b)(6) witnesses who could speak to the designated topics. The court held that defendant "failed miserably in its duties under Rule 30(b)(6) to proffer witnesses capable of testifying to matters known or reasonably available to the organization."

**Thomas v. Hoffman-LaRoche**, 126 F.R.D. 522, 525 (N.D. Miss. 1989). The court sanctioned the defendant because it did not produce witnesses to speak to designed issues in 30(b)(6) notice.