# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CARREA CHRISTOPHER,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, INC.,<br><br>Defendant. | Case No. 2:17-CV-738-RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES |

This matter comes before the Court on plaintiff Carrea Christopher's "Motion to Compel Discovery Responses." Dkt. #84.

## **BACKGROUND**

This case arises out of an accident that took place while plaintiff was driving a 2006 Ford Ranger ("the Vehicle") in San Diego, California. Plaintiff alleges that a truck backed into his stationary vehicle at 47th and Imperial. Dkt. #65 at ¶ 55. The airbag of the Ford "then exploded with such force [that] plaintiff went unconscious." Id. Plaintiff claims that "excessive internal pressure cause[d] the inflator [of the air bag] to rupture." Id. at ¶ 6. He discovered days later that the National Highway Traffic and Safety Administration ("NHTSA") had issued a recall for the air bag and inflator. Id. at ¶ 28. He brings two causes of action against Ford for Fraudulent Concealment or Nondisclosure, id. at ¶¶ 61–70, and violations of Washington's Consumer Protection Act ("CPA"), id. at ¶¶ 71–76.

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY RESPONSES - 1

On October 25, 2018, plaintiff served a set of discovery requests on Ford. Dkt. #88 (Macintyre Decl.) at ¶ 3. Plaintiff granted a two-week extension for Ford's responses on November 26, 2018. Id. at ¶ 4. Ford served its responses on December 10, 2018. Id. at 5; see Ex. C, Dkt. #88 at 14–33. Following further communications between the parties, Ford produced the documents identified or referred to in its discovery responses on February 6, 2019. Macintyre Decl. at ¶¶ 7–13; see Ex. G, Dkt. #88 at 46.

Defense counsel and plaintiff spoke over the phone on February 13, 2019. Plaintiff asked why Ford had not produced information regarding its advertising spending in response to one of his interrogatories. Defense counsel explained Ford's objection, and plaintiff moved on to another topic of discussion. Macintyre Decl. at ¶ 15. According to defense counsel, they did not discuss the remainder of plaintiff's concerns with Ford's discovery responses. Id. Plaintiff then filed his motion to compel on May 1, 2019. It pertains to Interrogatories Nos. 2, 3, 5–9, 12 and 13, and Requests for Production ("RFP") 1–5.

## DISCUSSION

**A. Legal Standard**

The Court has "broad discretion to manage discovery." Avila v. Willits Envtl. Remediation Tr., 633 F.3d 828, 833 (9th Cir. 2011). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a party fails to answer a discovery request, the "party seeking discovery may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Brown v. Warner, No. C09-1546RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015) (quoting Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997)).

### B. "Meet and Confer" Requirement and Length

Preliminarily, "[a]ny motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." LCR 37(a)(1). Plaintiff's motion does not contain this certification.[1] See generally Dkt. #84. Plaintiff's motion is also overlength. See LCR 7(e). Regardless, the Court will consider the merits of plaintiff's motion.

### C. Interrogatories Nos. 2, 3, 5, 9 and 13

Interrogatory No. 2 requests Ford to "state [its] argument against the Federal Government Recall (NHTSA) National Highway Safety Transportation Agency ... of the 2006 Ford Ranger Defaults." Ex. C, Dkt. #88 at 21. Ford indicated that it did not have an argument "for or against" the recall, but referred plaintiff to its response to NHTSA General Order PE14-016. Id. The documents referred to were produced on February 6, 2019. Ex. H, Dkt. #88 at 48; see Ex. G, Dkt. #88 at 46. Ford also objected to the interrogatory *inter alia* because it requested information on recalls unrelated to the driver's front airbag.[2] Ex. C, Dkt. #88 at 21.

Interrogatory No. 3 asks Ford if it is responsible for the "making, creation, manufacturing and the assembly of [the] Ford 2004-2007 Ranger." Ex. C, Dkt. #88 at 22. Ford responded with details of its role in the design, manufacturing and assembly of the Vehicle, including the one that plaintiff was driving when the accident occurred, and offered to produce additional documentation. Id. Plaintiff's unfounded objection appears to be that Ford did not answer the interrogatory. Dkt. #84 at 8.

---

[1] In his reply, plaintiff states that he did confer in good faith. Dkt. #89 at 6. Ford, however, states that plaintiff did not raise his concerns with its responses in any of their conversations. Dkt. #87 at 11.

[2] This objection applies to the use of "recall" throughout the discovery requests. Ex. C, Dkt. #88 at 20. In the remainder of this order, the Court construes "recall" to refer only to the recall applicable to the driver's front airbag in the Vehicle; i.e., Recall 16S03. Id.

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY RESPONSES - 3

Interrogatory No. 5 requests Ford to "identify the individuals that argued on behalf of Ford to (NHSTA), and their addresses, phone numbers and emails." Ex. C, Dkt. #88 at 23. Ford directed plaintiff to the people identified in its response to General Order PE14-016. Id. As previously discussed, that document was produced on February 6, 2019. Ex. H, Dkt. #88 at 48; see Ex. G, Dkt. #88 at 46. Plaintiff claims that the individuals' information was not disclosed. Dkt. #84 at 9. In its response to plaintiff's motion, Ford also stated that plaintiff could "contact counsel for Ford to discuss who he wants to contact and why such contact might be relevant to his claims. To date, Plaintiff has never said he would like to contact or depose any Ford employees." Dkt. #87 at 7.

Interrogatory No. 9 states, "Is it necessary, essential and obligatory to warn, caution and notify the general public of the dangers of the airbag and what [measures] if any did you make to forewarn the general public." Ex. C, Dkt. #88 at 25. Ford made various objections and responded that it complied with all applicable laws and regulations. Id.

Interrogatory No. 13 asks Ford to identify its defenses to plaintiff's allegations to the extent not previously identified. Id. at 27. Ford directed plaintiff to the defenses listed in its answer to plaintiff's Second Amended Complaint. See Dkt. #66 at 12–15. Plaintiff has not identified any deficiencies in this response. Dkt. #84 at 17.

Ford's responses to these interrogatories are adequate. Plaintiff fails to point out any specific deficiencies in them. See Munoz-Munoz v. Locke, No. C10-1475-JCC, 2012 WL 12925012, at *1 (W.D. Wash. Oct. 5, 2012) ("The moving party bears the burden of demonstrating why an objection properly raised to a discovery request is deficient … Plaintiff bears the burden of informing the Court which discovery requests are the subject of his motion to compel and, for each disputed response, why Defendant's objection is not justified. Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling further responses.") (quoting Williams v. Cate, No. C09-0468, 2011 U.S. Dist. LEXIS 143862, at *3 (E.D. Cal. Dec. 14, 2011)). Plaintiff's motion to compel responses to Interrogatories Nos. 2, 3, 5, 9 and 13 is DENIED.

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY RESPONSES - 4

### D. Interrogatories Nos. 6 and 12

Interrogatory No. 6 asks Ford if it has "shown remorse for the injuries and death of those due to the airbag explosion of the Ford Ranger," and, if it has, to "give some examples." Ex. C, Dkt. #88 at 23. This request is "argumentative [and] designed to harass." Scott v. Nerio, No. C06-5340RJB, 2007 WL 777571, at *1 (W.D. Wash. Mar. 13, 2007). Interrogatory No. 12 states, "Should a [manufacturer] be responsible for his product and why." Contrary to plaintiff's assertions, see Dkt. #84 at 16, Ford's subjective beliefs on this subject are irrelevant to the action. See Cellpro v. Baxter Int'l, Inc., No. C92-715D, 1992 WL 454839, at *3 (W.D. Wash. Dec. 28, 1992). These interrogatories are improper. Plaintiff's motion to compel responses to Interrogatories Nos. 6 and 12 is DENIED.

### E. Interrogatories Nos. 7 and 8

Interrogatory No. 7 asks Ford how much it spent yearly on advertising between 2014 and 2017. Ex. C, Dkt. #88 at 23. Ford objected that the interrogatory sought irrelevant information because it was not limited to the front airbag or a reasonable time frame, and because plaintiff had failed to explain why its advertising spending was of any probative value in the first place. Id. at 23–24. Ford also explained that it has three tiers of advertising, and stated that it would be "extremely burdensome for it to attempt to differentiate and quantify [the costs] with any level of accuracy." Id. at 24. The Court agrees. Ford has met its burden of showing why discovery should not be allowed. Brown, 2015 WL 630926 at *1.

Interrogatory No. 8 asks Ford how much it spent "notifying the general public of the recall and the [dangers] of driving the Ford Ranger in the years of 2014-2017." Ex. C, Dkt. #88 at 25. Ford referred plaintiff to a report detailing the recall history for the subject Vehicle, including details of the mailings provided by Ford to the registered owners. Id. However, it objected to the request for information regarding its expenditure on the notifications on the ground that it was irrelevant. Id. The Court agrees. See Bonner, 2008 WL 444562 at *2.

Plaintiff's motion to compel a response to Interrogatories Nos. 7 and 8 is DENIED.

ORDER DENYING PLAINTIFF'S MOTION TO
COMPEL DISCOVERY RESPONSES - 5

**F. Requests for Production Nos. 1, 2, 4, and 5**

RFP 1 requests all documents that were referred to or identified in Ford's responses. Ex. C, Dkt. #88 at 27. Ford agreed to produce all documents. Id. Plaintiff has not identified which documents Ford failed to produce. Dkt. #84 at 18. RFP 2 requests all documents "of Ford[']s position for and/or against the air bag recall." Ex. C, Dkt. #88 at 28. Ford directed plaintiff to its response to Interrogatory No. 2 and the documents produced in connection therewith. Id. Those documents have been produced. Ex. H, Dkt. #88 at 48; see Ex. G, Dkt. #88 at 46. Ford also objected on the ground that Ford's "position" on the recall is not relevant to the action. The Court agrees. See Bonner, 2008 WL 444562 at *2.

RFP 4 states, "Please produce authorization for release of all documents from all agencies and Ford for records of investigation, research and data of the subject vehicle of this case." Ex. C, Dkt. #88 at 30. Ford responded that it would "make available for inspection and copying at a mutually agreeable time any non-privileged business records related to this lawsuit or the alleged incident that it receives pursuant to Plaintiff's authorization in this case." Id. Plaintiff objects that he has not been allowed to come to Ford's office to view the documents and that he has not received or been billed for the CD containing the documents. Dkt. #84 at 24. The CD appears to have been produced. Ex. H, Dkt. #88 at 48; see Ex. G, Dkt. #88 at 46. Plaintiff did not clarify his objections in his reply. See Dkt. #89. RFP 5 states, "To the extent not produced in response to the previous request, please [produce] all documents that relate to your defense of the plaintiff['s] allegations." Ex. C, Dkt. #88 at 31. Ford referred plaintiff to materials already produced and reserved the right to supplement its responses. Id. In his motion, plaintiff appeared to reiterate that Ford's objection regarding the use of "recall" is improper. Dkt. #84 at 25. He stated that that he is not requesting information about other vehicles. Id. Ford already agreed to produce all documents related to Recall 16S03. Again, plaintiff did not clarify the substance of his objections in his reply. See Dkt. #89.

Ford's responses to these RFPs are adequate. Plaintiff's motion to compel responses to RFP Nos. 1, 2, 4 and 5 is DENIED.

### G. Request for Production No. 3

RFP 3 requested a list of "all individuals [who] died and/or [were] hurt from the [Vehicle's] airbag." Ex. C, Dkt. #88 at 28. Ford provided lists of lawsuits and non-litigated claims received by Ford's Office of General Counsel as of October 31, 2018 that could "reasonably be identified as containing allegations of injury or death related to the front airbag supplemental restraint system in 2004-2006 Ford Ranger and Mazda B-Series pickup trucks." Id. These appear to have been produced. Ex. H, Dkt. #88 at 48; see Ex. G, Dkt. #88 at 46. Ford also directed plaintiff to information available in the public domain. Ex. C, Dkt. #88 at 29. Plaintiff's objection is that Ford "has had over 5,000 cases in recent history [but] submitted less than 100." Dkt. #84 at 23. In his reply, plaintiff annexed the results of his search for "Ford Motor Company" on PACER. Dkt. #89-1 at 3–17. This does not take away from the sufficiency of Ford's response. There is no indication that these cases involved the same Vehicle or its airbags. See Dkt. #87 at 10. Plaintiff's motion to compel a response to RFP No. 3 is DENIED.

### CONCLUSION

For all the foregoing reasons, plaintiff's motion is DENIED.

DATED this 22nd day of August, 2019.

Robert S. Lasnik
United States District Judge